IN THE SUPREME COURT OF THE STATE OF DELAWARE

DANIEL DELHOTAL, §
§
Defendant Below, § No. 456, 2019
Appellant, §
§ Court Below: Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID. No. 1308002092 (K)
§
Plaintiff Below, §
Appellee. §

Submitted: November 14, 2019
Decided: November 22, 2019

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On November 4, 2019, the appellant, Daniel Delhotal, filed a notice of appeal from a September 30, 2019 Superior Court order sentencing him for a violation of probation. Under Supreme Court Rule 6, a timely notice of appeal should have been filed on or before October 30, 2019.

(2) A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[1] The jurisdictional defect created by the untimely filing of a notice of

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

appeal cannot be excused unless the appellant can demonstrate that the delay in filing is attributable to court-related personnel.[2]

(3)     On November 4, 2019, the Chief Deputy Clerk issued a notice directing Delhotal to show cause why this appeal should not be dismissed as untimely filed. In response to the notice to show cause, Delhotal asserts that he filed the appeal on October 29, 2019, and argues that he should be given more time because he is an incarcerated, *pro se* litigant without access to the prison law library.

(4)     Delhotal's response to the notice to show cause does not provide a basis for excusing the untimely filing of the notice of appeal.  A notice of appeal must be received by the Court within the applicable time period to be effective.[3]  Delaware has not adopted a rule similar to the federal prison mailbox rule, which deems a notice of appeal as filed at the time it is delivered to prison authorities for mailing.[4] Although Delhotal's initial filing—which Delhotal framed as a motion for an extension to file a notice of appeal, and which the Clerk deemed to be a notice of appeal—is dated October 29, 2019, it was postmarked on November 2, 2019 and received by the Court on November 4, 2019.  Because the record does not reflect that Delhotal's failure to file a timely notice of appeal is attributable to court-related

---

[2] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[3] DEL. SUPR. CT. R. 10(a).
[4] *Schafferman v. State*, 2016 WL 5929953 (Del. Oct. 11, 2016).

personnel, the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

3